Elizabeth T. McBride Assistant City Attorney City of West Palm Beach
QUESTION: Is a school board's security department a law enforcement agency entitled to share in forfeited funds or property pursuant to s. 932.704(3)(b), F.S. (1990 Supp.)?
SUMMARY: Absent a statutory provision to the contrary, the Palm Beach County School Board's security department does not fall within the law enforcement agencies enumerated in ss.932.701-932.704, F.S., the "Florida Contraband Forfeiture Act," which may share in the proceeds from a contraband forfeiture proceeding.
You state that a police officer from the West Palm Beach Police Department responded to a call from a special security officer at a local high school. As a result of the response, the police officer seized currency from a student. Subsequently, forfeiture proceedings were initiated and the currency was forfeited to the police department. The security department of the school now wishes to share in the forfeited funds.
Chapter 81-464, Laws of Florida, authorizes the Palm Beach County School Board (board), upon the recommendation of the superintendent, to appoint "special security officers for the protection and safety of school personnel, property and students within the school district."[1] Each officer has district-wide powers of arrest for any violation of law on school board property and has the authority to carry a weapon while performing his or her official duty.[2] Furthermore, each security officer appointed by the school board must meet the educational and training standards established by the Criminal Justice Standards and Training Commission in the Florida Department of Law Enforcement.[3]
A "law enforcement officer" is defined as
 any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. . . .[4]
Thus, it appears that the special security officers employed by the board could be considered law enforcement officers.[5]
Whether the board may share in the forfeited funds, however, depends upon its status as a law enforcement agency for purposes of ss. 932.701-932.704, F.S., the "Florida Contraband Forfeiture Act" (act). The act allows "law enforcement agencies" which have seized contraband articles[6] because of their use in violation of any felony or any law dealing with contraband to effect the forfeiture of such articles.[7]
"Law enforcement agency" is not defined for purposes of the act. The act, in prescribing the manner in which forfeited funds are to be distributed, however, speaks only to counties, municipalities and state agencies with law enforcement powers.[8] The proceeds of a sale of forfeited property are applied: first, to the payment of the balance due on any lien preserved by the court in the forfeiture proceedings; second, to payment of the cost incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of such property; third, to the payment of court costs.
Section 932.704(3)(a), F.S. (1990 Supp.), further provides, in the case of a county or municipality effecting a forfeiture, that the remaining proceeds be deposited in a special law enforcement trust fund established by the county commission or the governing body of the municipality. These deposited funds, plus any accrued interest, may only be used for school resource officer, crime prevention, or drug education programs or for other law enforcement purposes. Furthermore, the funds may be spent "only upon request by the sheriff to the board of county commissioners or by the chief of police to the governing body of the municipality . . . and only upon appropriation to the sheriff's office or police department by the board of county commissioners or the governing body of the municipality."[9] If the seizing law enforcement agency is a state agency, generally, the remaining proceeds are deposited in the state's general revenue fund.[10]
Section 932.704(3)(b), F.S. (1990 Supp.), in part, states:
If more than one law enforcement agency was substantially involved in effecting the forfeiture, the court having jurisdiction over the forfeiture proceeding shall equitably distribute the property among the seizing agencies. Any forfeited money or currency, or any proceeds remaining after the sale of the property, shall be equitably distributed to the board of county commissioners or the governing body of the municipality having budgetary control over the seizing law enforcement agencies for deposit into the law enforcement trust fund established pursuant to paragraph (a).
Thus, it is left to the court having jurisdiction over the forfeiture proceeding to distribute the property among the seizing agencies. Where a statute prescribes the manner or mode of how something is to be done, it operates as a prohibition against its being done in any other way.[11]
There is no indication in ss. 932.701-704, F.S., that the seizing agencies who may share in forfeited property may include parties other than the law enforcement agencies contemplated therein, nor is any discretion given to law enforcement agencies who jointly effect the forfeiture of property to mutually agree that the forfeited funds should be divided other than as determined by the court having jurisdiction over the forfeiture proceedings.
Accordingly, in the absence of a statutory provision to the contrary, it is my opinion that a school board's security department does not fall within the law enforcement agencies enumerated in ss. 932.701-932.704, F.S., the "Florida Contraband Forfeiture Act," which may share in the proceeds from a contra-band forfeiture proceeding.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Ch. 81-464, Laws of Florida.
[2] Section 2, Ch. 81-464, Laws of Florida.
[3] Section 6, Ch. 81-464, Laws of Florida.
[4] Section 943.10(1), F.S.
[5] Cf., s. 240.38, F.S. (1990 Supp.), authorizing each community college to employ police officers who are recognized as police officers of the state with the authority to bear arms and to arrest any person for a violation of state law or applicable county or municipal ordinance if the violation occurs on or in any property or facilities of the community college by which he is employed; and s. 240.268, F.S., authorizing universities to provide for police officers who are declared to be law enforcement officers of the state, with arrest powers for violations on university property and authority to bear arms.
[6] Section 932.701(2), F.S., defines "contraband article" to mean:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893. (b) Any gambling paraphernalia, lottery tickets, money, and currency used or intended to be used in the violation of the gambling laws of the state. (c) Any equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state. (d) Any motor fuel upon which the motor fuel tax has not been paid as required by law. (e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act. (f) Any real property or any interest in real property which has been or is being employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
[7] See, s. 932.704(1), F.S. (1990 Supp.), providing that:
The state attorney within whose jurisdiction the contraband article . . . has been seized . . . or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article . . . by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article . . . forfeited to the use of, or to be sold by, the law enforcement agency making the seizure . . . .
[8] See, s. 932.704(3)(a), F.S. (1990 Supp.).
[9] Section 932.704(3)(a), F.S. (1990 Supp.).
[10] In the event the agency is the Department of Law Enforcement, the proceeds are to be deposited into the Forfeiture and Investigative Support Trust Fund; if it is the Department of Natural Resources, the proceeds go to the Motorboat Revolving Trust Fund for law enforcement purposes; and if it is a state attorney's office acting within its judicial circuit, the proceeds are deposited into the State Attorney's Forfeiture and Investigative Support Trust Fund to be used for the investigation of crime and prosecution of criminals within the judicial circuit.
[11] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when controlling law directs how a thing shall be done, it is, in effect, a prohibition against its being done in any other way).